J-S03012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES FREEMAN | : | |
| | : | |
| Appellant | : | No. 1516 EDA 2022 |

Appeal from the PCRA Order Entered May 17, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004824-2013

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.: **FILED FEBRUARY 28, 2023**

Charles Freeman appeals from the order entered May 17, 2022, dismissing his second petition for relief pursuant to the Post Conviction Relief Act ("PCRA") as untimely. We affirm.

On May 5, 2013, Appellant, Rasheed Teel, Ander Collier, and Omar Miller, robbed, shot, and killed Kareem Borowy in Montgomery County, Pennsylvania. On May 9, 2013, Teel was interviewed by detectives, at which time he identified Appellant as the driver of the getaway vehicle. Appellant was arrested and charged with homicide and related offenses. Teel pled guilty to third-degree murder and agreed to testify for the Commonwealth against his co-conspirators.

Appellant, Collier, and Miller proceeded to a joint trial at which the Commonwealth presented numerous witnesses, including Teel. The jury convicted Appellant of second-degree murder, robbery, kidnapping,

conspiracy to commit kidnaping, and conspiracy to commit robbery. The trial court sentenced Appellant to life imprisonment without the possibility of parole. Post-sentence motions were denied and Appellant timely appealed. On December 2, 2015, this Court affirmed his judgment of sentence. **See Commonwealth v. Freeman**, 128 A.3d 1231 (Pa.Super. 2015). Appellant did not seek review with the Pennsylvania Supreme Court.

On July 7, 2016, Appellant filed a timely *pro se* PCRA petition raising eight issues. In his seventh and eighth issues, Appellant alleged that the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963), by not notifying him that Teel had sustained a serious brain injury from a gunshot wound before Appellant's trial which allegedly rendered Teel incompetent to testify, and that his trial counsel was ineffective for failing to investigate Teel's competence. The PCRA court appointed counsel, who submitted a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 213 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Appellant filed a response to counsel's no-merit letter and counsel filed a petition to withdraw. After conducting an independent review of the record, the PCRA court granted PCRA counsel's petition to withdraw, but appointed new counsel, finding that Appellant was entitled to a court-appointed attorney to investigate the factual questions raised in his seventh and eighth issues.

New counsel filed an amended petition, reiterating claims seven and eight from Appellant's *pro se* petition. In the amended petition, Appellant asserted that he had discussed Teel's gunshot wound with trial counsel before

trial, therefore, counsel should have been aware that an investigation into Teel's competence was needed. *See* Amended PCRA Petition, 7/18/17, at unnumbered ¶¶ 17(a), (b). The Commonwealth subsequently filed its answer. After providing Pa.R.Crim.P. 907 notice, the PCRA court denied Appellant's petition without a hearing. On appeal, this Court affirmed the PCRA court's denial of Appellant's petition. *See Commonwealth v. Freeman*, 200 A.3d 587 (Pa.Super. 2018) (unpublished memorandum). Specifically, this Court found that Appellant had waived his *Brady* claim due to a failure to raise the claim previously, despite his pre-trial awareness that Teel had sustained a gunshot wound to his head. This Court also concluded that Appellant's attorney was not ineffective because, even if the jury had believed Teel's testimony to be unreliable, the evidence of Appellant's guilt was overwhelming. *Id*. at *7-8. Appellant filed a petition of allowance of appeal, which the Pennsylvania Supreme Court denied. *See Commonwealth v. Freeman*, 210 A.3d 943 (Pa. 2019).

On February 2, 2022, Appellant *pro se* filed a second PCRA petition, which is the subject of this appeal. Therein, Appellant repeated his earlier arguments that the Commonwealth committed a *Brady* violation when it failed to disclose Teel's medical history, and his counsel was ineffective for failing to investigate the same. Appellant again admitted that he was aware of the gunshot wound pre-trial but claimed that he had newly discovered evidence in the form of Teel's sentencing transcript, which revealed that the gunshot wound had impacted Teel's competence and the Commonwealth was

aware of that fact at Teel's sentencing hearing.[1] **See** PCRA Petition, 2/2/22, at unnumbered 5-6. Appellant explained that he learned these facts after the attorney representing him on a federal *habeas corpus* matter received a copy of Teel's sentencing transcript on October 21, 2021. **Id**. After issuing Rule 907 notice and allowing Appellant to amend his petition, the PCRA court found the petition did not meet any of the statutory exceptions to the time bar and dismissed the petition. This appeal followed.

Appellant raises the following issues for our review:

1. Did the PCRA court err when it ruled that [Appellant's] claims were not predicated on newly[-]discovered facts?

2. Did the PCRA court err when it ruled that [Appellant] failed to plead interference by government officials?

Appellant's brief at 1.

Our standard of review of a PCRA court's dismissal of a PCRA petition "is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Andrews**, 158 A.3d 1260, 1263 (Pa.Super. 2017). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." **Commonwealth v. Stansbury**, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up). Instantly, the PCRA court dismissed Appellant's petition on the grounds that it was untimely filed. As neither the PCRA court nor this Court

_____

[1] Teel was sentenced on June 27, 2014, three days after Appellant was sentenced.

- 4 -

has jurisdiction to entertain an untimely petition, we begin by addressing this threshold issue. **See Commonwealth v. Ballance**, 203 A.3d 1027, 1030-31 (Pa.Super. 2019).

All PCRA petitions, including second or subsequent petitions, must be filed within one year of the date that the underlying judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). The PCRA statute provides that "a judgment becomes final at the conclusion of direct review, . . . or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Appellant's petition, filed more than five years after his judgment of sentence became final, is patently untimely. Consequently, Appellant had the burden to plead and prove one of the three enumerated exceptions to the PCRA time-bar outlined in 42 Pa.C.S. § 9545(b)(1)(i-iii), before the PCRA court had jurisdiction to consider the merits of any of his claims. In this respect, the PCRA statute provides as follows:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner invoking one of these exceptions must file a petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). In the case *sub judice*, Appellant invoked the newly-discovered facts and governmental interference exceptions. **See** Appellant's brief at 15; **see also** Amended PCRA Petition, 3/23/22, at 8-9.

The newly-discovered fact exception set forth at § 9545(b)(1)(ii) has two components which must be alleged and proven as an initial jurisdictional threshold. **See Commonwealth v. Diggs**, 220 A.3d 1112, 1117 (Pa.Super. 2019). Namely, the petitioner must establish that: (1) the facts upon which the claim was predicated were unknown; and (2) they could not have been ascertained by the exercise of due diligence. **See** 42 Pa.C.S. § 9545(b)(1)(ii); **see also Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007). "Due diligence demands that the petitioner take reasonable steps to protect his own interests" and explain why he could not have learned the new facts earlier with the exercise of due diligence. **Commonwealth v. Burton**, 121 A.3d 1063, 1069 (Pa.Super. 2015).

The governmental interference exception permits adjudication of the substance of an otherwise untimely PCRA petition if the petitioner pleads and

proves that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. § 9545(b)(1)(i). In other words, Appellant was required to show that but for the interference of a government actor "he could not have filed his claim earlier." ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008).

Appellant invoked these exceptions based on his receipt of the transcript from Teel's 2014 sentencing hearing. Regarding the newly discovered facts exception, Appellant averred that the transcript revealed that the Commonwealth possessed Teel's medical records, which showed that he suffered cognitive impairments from the gunshot wound to the head and failed to disclose them to him. ***See*** Appellant's brief at 14-15, 19. Appellant was previously aware of the gunshot wound and litigated a claim of trial counsel ineffectiveness regarding this medical issue in his first, timely PCRA petition. ***See*** First *Pro Se* PCRA petition, 7/7/16, at 4. However, Appellant argued that he should not be foreclosed from litigating this claim a second time because, at the time of his first petition, he suspected, but did not have evidence to prove, that the Commonwealth withheld Teel's medical records. ***See*** Appellant's Brief at 18. As to the governmental interference exception, Appellant contended that the Commonwealth interfered with his ability to raise his claim sooner by repeatedly denying possession while simultaneously

withholding Teel's medical records. **See** PCRA Petition, 2/2/22, at 10-11. Finally, Appellant avers that he filed the petition within one year of his discovery that the Commonwealth had received the medical records at Teel's sentencing hearing. **Id**.

The PCRA Court disagreed and, with regard to the newly discovered facts exception, explained that:

> Appellant did not prove the exception established by 42 Pa.C.S. § 9545(b)(l)(ii), that the facts upon which his claim is predicated were previously unknown to him and could not have been ascertained by the exercise of due diligence. This conclusion is not based on an evaluation of appellant's diligence, but on the fact that he knew prior to trial that Teel had sustained a gunshot wound to the head.
>
> Appellant averred in his first, *pro se*, PCRA petition that he told his trial lawyer about Teel's brain injury prior to trial. In the same petition, he alleged that trial and appellate counsel failed to provide effective assistance by failing to investigate whether Teel's medical history of a gunshot wound to the head rendered him incompetent to testify or affected the accuracy of his memory. Those allegations imply that [A]ppellant believed, correctly, that the medical records now at issue existed and that his trial lawyer could have obtained them prior to trial by subpoena or court order.
>
> In his second PCRA petition, as amended, appellant stated that he did not learn the facts upon which his claim is predicated until October 21, 2021, when his lawyer in his federal court case told him that Teel's medical records had been received as evidence at Teel's sentencing hearing. As shown in the previous paragraph, that statement is accurate only in a qualified sense. Although appellant may not have known the records had been received as evidence at Teel's sentencing hearing, he correctly believed before trial that such records existed and could have been obtained by his trial lawyer.
>
> The exception established by 42 Pa.C.S. § 9545(b)(l)(ii) requires proof of newly discovered facts, not a newly discovered or newly willing source for previously known facts. The second

PCRA petition, as originally filed and as amended, at most proved only a newly discovered source for facts previously known, or believed, by [A]ppellant. Appellant cited ***Commonwealth v. Davis***, 86 A.3d 883 (Pa.Super. 2014), for the proposition that due diligence does not require a PCRA petitioner, acting *pro se*, to discover facts that were unknown to him but available only in the evidentiary post-trial record in the criminal action against his co-conspirator. The facts of this case are distinguishable because [A]ppellant has admitted that he knew of Teel's injury prior to trial, and knew, or correctly believed, that medical records existed and that his trial lawyer could have obtained them by subpoena or court order, which was an implied basis for [A]ppellant's own claim in his first *pro se* PCRA petition that trial counsel was ineffective for having failed to investigate Teel's cognitive ability.

PCRA Court Opinion, 7/11/22, at 10-12 (cleaned up).

The PCRA court also found Appellant's governmental interference argument unpersuasive, reasoning:

Appellant has not proven the exception established by 42 Pa.C.S. § 9545(b)(1)(i), that his "failure to raise the claim previously was the result of interference by government officials." Appellant is unable to do so for two reasons: he has raised the claim previously, and even if he had not, his failure to do so could not be attributed to interference by the court or the Commonwealth. Appellant's first PCRA petition, in its original form, and as amended by court-appointed counsel, alleged that his trial lawyer rendered ineffective assistance because he failed to investigate Teel's cognitive ability. That claim would have lacked merit unless it necessarily implied that if counsel had investigated, he would have obtained Teel's medical records and produced them as evidence at trial, and that the evidence would have changed the outcome of the trial, because "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim." ***Commonwealth v. Jones***, 912 A.2d 268, 278 (Pa. 2006). Therefore, the claim raised by appellant in his second PCRA petition was raised previously, hence he cannot satisfy this exception to the one-year period for filing a PCRA petition.

Second, the phrase "was the result of" necessarily implies a causative relation between the interference and the failure to raise the claim previously. The facts of record cannot establish

causation because the Commonwealth could not have concealed the information at issue from appellant. He correctly believed that the medical records at issue existed and that his trial lawyer could have obtained it prior to trial.

*Id*. at 12-13. We agree with both aspects of the PCRA court's rationale.

Our review of the certified record confirms the PCRA court's findings that Appellant has not uncovered any new facts. Instead, by Appellant's own admission, he was aware that Teel had suffered a gunshot wound to the head pre-trial. **See** First *Pro Se* PCRA petition, 7/7/16, at 4. Thus, the sentencing transcript relied upon by Appellant amounts only to a new source or confirmation of facts that were known to Appellant at the time of his trial and were explored at his first PCRA proceeding. **See Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015) ("[T]he focus of [the 42 Pa.C.S. § 9545(b)(1)(ii)] exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.") (cleaned up).

Additionally, we agree with the PCRA court that Appellant's reliance on the government interference exception was misplaced. Since Appellant was aware that Teel had suffered a brain injury from gunshot pre-trial, he could have sought the records himself at that time. **See Commonwealth v. Smith**, 17 A.3d 873, 902 (Pa. 2011) (observing, in rejecting a **Brady** claim, that hospital records are equally available to the defense). Furthermore, Appellant has never alleged that the Commonwealth barred him or his trial counsel from subpoenaing or seeking a court order for Teel's medical records.

Thus, neither the newly discovered facts nor the governmental interference exception applies. Accordingly, we find the PCRA court's conclusion that Appellant's petition was untimely to be fully supported by the record and free of legal error. No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2023